**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Steven Conner and Sheila Conner,** | Bankruptcy No. 22-12068 |
| Debtors. | Honorable Timothy A. Barnes |

## NOTICE OF MOTION

**TO: See attached list**

**Please take notice** that, on **May 11, 2023, at 9:30 a.m.**, I will appear before the Honorable Timothy A. Barnes, or any other judge sitting in that judge's place, **either** in courtroom 744 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the Debtors' motion to modify plan, a copy of which is attached.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone.

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 329 5276, and the passcode is 433658. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: Justin R. Storer

## CERTIFICATE OF SERVICE

I, Justin R. Storer, an attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on April 20, 2023, at 5:00 p.m.

/s/ Justin R. Storer

## SERVICE LIST

Service via CM/ECF notification:

| | |
|---|---|
| **Kinnera Bhoopal** | kinnera.bhoopal@mccalla.com |
| **Marilyn O. Marshall** | courtdocs@chi13.com |
| **Dana O'Brien** | dana.obrien@mccalla.com |
| **Patrick S. Layng** | USTPRegion11.ES.ECF@usdoj.gov |

See attached service list of all creditors that were served by first-class mail, postage prepaid.

| | | |
|---|---|---|
| Associated Bank, N.A.<br>Nationstar Mortgage LLC<br>Bankruptcy Department<br>PO Box 619096<br>Dallas, TX 75261-9096 | Associated Bank, N.A.<br>c/o McCalla Raymer Leibert Pierce, LLC<br>1 N. Dearborn Suite 1200<br>Chicago, IL 60602-4337 | ARS National Service<br>PO Box 463023<br>Escondido, CA 92046-3023 |
| Client Services Inc.<br>3451 Harry S Truman Blvd.<br>Saint Charles, MO 63301-9816 | (p)ILLINOIS DEPARTMENT OF REVENUE<br>BANKRUPTCY UNIT<br>PO BOX 19035<br>SPRINGFIELD IL 62794-9035 | Cenlar Mortgage<br>PO Box 77404<br>Ewing, NJ 08628-6404 |
| (p)JPMORGAN CHASE BANK  N A BANKRUPTCY<br>MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Linebarger Goggan Blair & Sampson<br>PO Box 805440<br>Chicago, IL 60680-4116 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Manley Deas Kochalski<br>1 E. Wacker, Suite 1250<br>Chicago, IL 60601-1980 | Mr. Cooper<br>PO Box 650783<br>Dallas, TX 75265-0783 | Loyola University Helath System<br>PO Box 83171<br>Chicago, IL 60691-0171 |
| Nationwide Credit<br>815 Commerce Drive.<br>Oak Brook, IL 60523-8838 | Northwestern Medicine<br>PO Box 4090<br>Carol Stream, IL 60197-4090 | Nationstar Mortgage<br>8950 Cypress Waters Blvd.<br>Irving, TX 75063 |
| Verizon Wireless<br>PO Box 650051<br>Dallas, TX 75265-0051 | JPMCB<br>PO Box 15369<br>Wilmington, DE 19850 | University Eye Specialists<br>676 N. St. Clair, Suite 1500<br>Chicago, IL 60611-2995 |
| Illinois Dept of Rev.<br>P.O. Box 19035<br>Springfield, IL 62794-9006 | | |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Steven Conner and Sheila Conner,** | Bankruptcy No. 22-12068 |
| | Honorable Timothy A. Barnes |
| Debtors. | |

## DEBTORS' MOTION TO MODIFY PLAN

Due to a scrivener's error, the Debtor's confirmed plan has a checkmark in the wrong place. Its section 3.2 says "none," when asking if the confirmed plan has any requests for valuation of security, payment of fully secured claims, or modification of undersecured claims. The second checkbox should be checked, not the first: The Debtors do have three undersecured claims that they seek to modify.

This matches the intent of the Debtors, all parties' understandings of their case, and the means in which they treated the claims at issue on their calculation of projected disposable income.

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

{00233350 2}

3.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## PROCEDURAL HISTORY

4.  On October 18, 2022, the Debtors commenced the above-captioned case by filing a petition for relief under chapter 13 of the U.S. Bankruptcy Code. Their meeting of creditors was conducted on November 17, 2022, and their amended plan was confirmed on March 23, 2023.

5.  The Debtors' amended plan provides that they will pay a total of $271,125 to the standing trustee, over a period of sixty months.

6.  With this money, the Trustee will (after administrative payments) cure a mortgage arrearage and treat claims of the Internal Revenue Service (treated as partially-secured in the plan), the Illinois department of revenue (treated as unsecured in the plan), and Cenlar, a junior mortgage (which is treated as unsecured in the plan and which, anyway, didn't file a proof of claim):

**3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Estimated amount of creditor's total claim | Collateral | Value of Collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Cenlar | $ 162,563.00 | 200 S. Humphrey Ave. | $ 662,400.00 | $ 922,647.25 | $ 0.00 | 0.00 % | $ 0.00 | $ 0.00 |
| IRS (secured claim 2-1) | $ 200,409.24 | All real/personal property | $ 672,515.02 | $ 922,647.25 | $ 10,115.02 | 6.00 % | $ 870.56 | $ 10,447.00 |
| IDOR (secured claim 3-1) | $ 22,528.05 | All real/personal property | $ 672,515.02 | $ 932,762.27 | $ 0.00 | 0.00 % | $ 0.00 | $ 0.00 |

*Insert additional claims as needed.*

7. The Debtors have no other general unsecured creditors to which they're making payment through the plan. (They do owe a small measure of postpetition tax debt, which has not filed a claim seeking payment under 1305(a)(1).)

8. The second checkbox above should have been checked, not the first.

## RELIEF REQUESTED

9. The Debtors request this Court enter an order providing that their confirmed plan is modified to reflect that, in section 3.2, the second checkbox is checked, and not the first.

10. The Debtors note that section 1329(a) of the Bankruptcy Code provides a bounded number of modifications that a court can make to a

{00233350 2}

confirmed plan, including to increase or reduce the amount of payments on claims of a particular class provided for by the plan.

11. By this modification, it will (slightly) increase the measure paid to the IRS, because it's secured claim will be registered as such, and concurrently (slightly) reduce the measure paid to the IDOR, to the extent that the IRS's payment is increasing.

12. The Debtors also submit that this Court has the authority to clean up this scrivener's error pursuant to 11 U.S.C. 105(a).

13. At least twenty-one days' notice of this motion has been given to: (i) the standing trustee; (ii) the Debtor; (iii) all Debtor's creditors, and (iv) any person that has requested notice in the case or that receives notices through the ECF System with respect to the Case.

14. This will map the treatment provided for these claims in the debtor's amended calculation of projected disposable income which, for example, does not treat Cenlar as a secured creditor.

**WHEREFORE**, the Debtors, Steven Conner and Sheila Conner, pray this Court enter an order modifying their confirmed plan as described herein.

{00233350 2}

Dated: April 20, 2023					**Steven and Sheila Conner,**

							By: */s/ Justin R. Storer*
							One of Their Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 373-7226 | Fax: (847) 574-8233 | jstorer@wfactorlaw.com

{00233350 2}